UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES REECE, | ) | 3:11cv1122 |
| | ) | |
| Plaintiff, | ) | No. 3:11-mc-00067 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| L. RAY WHITLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The Plaintiff, an inmate at the Northwest State Penitentiary in Tiptonville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 (Docket Nos. 1 and 4) against the Defendants: District Attorney L. Ray Whitley, Gallatin; Assistant District Attorney Tara Wiley, Gallatin; Assistant District Attorney William Lamberth, Gallatin; Assistant District Attorney Lytle A. James, Gallatin; Criminal Court Judge Dee D. Gay, 18th Judicial District, Gallatin; Chancery Court Judge Tom E. Gray, 18th Judicial District, Gallatin; Circuit Court Judge C.L. "Buck" Rogers, 18th Judicial District, Gallatin; General Sessions Court Judge James Hunter, 18th Judicial District, Sumner County; General Sessions Court John Gwin, 15th Judicial District, Wilson County; Gallatin city police officer Chris Vines; John Doe(s); Gallatin city police officer Jessica Wilkinson; Judicial Magistrate Todd Draper, Sumner County; District Clerk Mahailia Hughes, 18th Judicial District, Gallatin; Director of Jail Administration, Sonya Troutt, Sumner County; Executive Director Anthony Holt, Sumner County; Sumner County, Tennessee; and the State of Tennessee. (*Id.*) The Plaintiff's claims are asserted against the individual Defendants in their individual and official capacities. The Plaintiff seeks both monetary damages and declaratory relief.

1

In his Complaint and Amended Complaint, the Plaintiff asserts that his federal constitutional due process rights were violated by the Defendants during the Plaintiff's state court criminal proceedings. The Plaintiff alleges that, due to the Defendants' deliberate actions, the Plaintiff was wrongly arrested, denied various rights, and treated unfairly throughout his state criminal proceedings such as being forced to accept legal representation he did not want and forced to incriminate himself. The Plaintiff also alleges that, during his incarceration, he has been denied access to his legal papers and to the courts by Defendants Sonya Troutt and Anthony Holt. (Docket Nos. 1 and 4).

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612. Thus, the Court must screen the Plaintiff's complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a "plausible" basis for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, as a matter of law, a state is not considered a "person" against whom a § 1983 claim for money damages may be asserted. *Will v. Mich. Dep't of State Police, et al.*, 491 U.S. 58, 71 (1989); *Hardin v. Straub*, 954 F.2d 1193, 1198 (6th Cir. 1992); *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 617 (2002). Thus, the State of Tennessee cannot be a party in this Section 1983 action. All claims against the State of Tennessee will be dismissed.

Next, state officials who are sued in their official capacities for monetary damages are not considered "persons" subject to suit under 42 U.S.C. § 1983. *Will*, 491 U.S. at 70-71 & n.10; *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994). Defendants Ray L. Whitley, Tara Wiley, William Lamberth, Lytle A. James, Dee D. Gay, Tom E. Gray, C.L. "Buck" Rogers, James Hunter, and John Gwin are all state officials sued by the Plaintiff in their official capacities for monetary damages. Thus, the Plaintiff's claims against these Defendants in their official capacities for monetary damages must be dismissed.

Next, "judicial immunity" is shorthand for the absolute immunity doctrine that protects judges from suit both in their official and individual capacities. *DePiero v. City of Macedonia*, 180 F.3d 770, 783–84 (6th Cir. 1999). Even though a State's sovereign immunity does not preclude individual capacity suits against state officials for damages under section 1983, the judicial function is still protected by the common-law doctrine of judicial immunity. *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). Judicial immunity is expansive and provides "immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). In fact, "judges of

courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). Furthermore, judicial immunity extends beyond individual capacity suits seeking damages to those also seeking injunctive relief under section 1983 claims. *Coleman v. Governor of Mich.*, No. 09–1139, 2011 WL 894430, at *5 (6th Cir. Mar.16, 2011) ("By enacting the 1996 Federal Courts Improvement Act ... Congress ... expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer."). Here, Defendants Dee D. Gay, Tom E. Gray, C.L. "Buck" Rogers, James Hunter, and John Gwin all are state court judges. The Defendants' actions with which the Plaintiff takes issue are functions normally handled by a judge in his or her judicial capacity. Therefore, these Defendants are afforded absolute judicial immunity from the Plaintiff's claims.

Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see Burns v. Reed*, 500 U.S. 478, 486 (1991); *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998). The Supreme Court has endorsed a "functional" approach for determining whether an official is entitled to absolute prosecutorial immunity, and that the courts should look to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988); *see Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000); *see also Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997), *cert. denied*, 522 U.S. 996 (1997). This functional approach focuses on whether the prosecutor's activities are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Those acts that occur in the course of the prosecutor's role as an advocate for the state, *e.g.*, acts taken to prepare for the initiation of judicial

4

proceedings or to prepare for trial, are protected by absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Cooper*, 203 F.3d at 947; *see also Ireland*, 113 F.3d at 1444-45.

The complained-of actions of Defendants Ray L. Whitley, Tara Wiley, William Lamberth, and Lytle A. James were within the scope of their prosecutorial duties and those of advocates intimately associated with the judicial process. Therefore, these Defendants are entitled to absolute prosecutorial immunity from suit, despite the Plaintiff's allegations of malicious prosecution. *See Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Having considered which Defendants are amenable to suit, the Court has reviewed the Plaintiff's allegations and finds that the complaint contains at least one colorable claim as to the remaining Defendants. 28 U.S.C. § 1915A. For example, the Plaintiff alleges that his federal Constitutional due process rights were violated. The Fifth Amendment to the United States Constitution prohibits the state from depriving any person of "life, liberty, or property, without due process of law . . . ." *U.S.Const.* amend. V. The Fourteenth Amendment to the United States Constitution also prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law . . . ." *Id.* amend. XIV, § 1. Due process has a procedural component and a substantive one. *Howard v. Grinage*, 82 F.3d 1343 (6th Cir. 1996). The two are distinct from one another because they have different objectives. *Id.* at 1349. The procedural due process component, unlike its substantive counterpart, does not require that the government refrain from making a substantive choice to infringe on a person's life, liberty, or property interest; it simply requires that the government provide "due process" before making such a decision. *Id.* The touchstone of procedural due process is the fundamental requirement that an individual have the opportunity to be heard "in a meaningful way." *Id.*; *see Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th

Cir. 1983). Substantive due process, on the other hand, serves the goal of preventing "governmental power from being 'used for purposes of oppression,'" regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331 (citation omitted). There are two types of substantive due process claims: those that assert a denial of a right, privilege, or immunity secured by the Constitution or a federal statute, and those that assert an official action that shocks the conscience. *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Although it is far from certain whether the Plaintiff can prevail on his due process claim under any of the theories presented, the court finds that the claim is not frivolous under the screening required by Section 1915A.

For the reasons explained herein, the Plaintiff's § 1983 claims against Defendants State of Tennessee, Dee D. Gay, Tom E. Gray, C.L. "Buck" Rogers, James Hunter, John Gwin, Ray L. Whitley, Tara Wiley, William Lamberth, and Lytle A. James fail to state claims upon which relief can be granted; therefore, those claims will be dismissed with prejudice. However, as to the Plaintiff's remaining claims, the court finds that the complaint states at least one actionable claim as to the remaining Defendants. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
11-22-11