UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES REECE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:11-1122 |
| | ) | Judge Haynes/Bryant |
| L. RAY WHITLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO: The Honorable Chief Judge William J. Haynes

**REPORT AND RECOMMENDATION**

Plaintiff James Reece, a prisoner proceeding pro se and in forma pauperis, has filed his civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that certain prosecutors, judges, court officials and other state actors violated his constitutional rights in the course of his arrest and prosecution for the offense of aggravated assault in Sumner County, Tennessee (Docket Entry No. 1).

In the course of a review pursuant to 28 U.S.C. § 1915A(b), the Court dismissed certain defendants upon a finding that plaintiff's claims against them were subject to absolute prosecutorial or judicial immunity (Docket Entry Nos. 10 and 11). The Court further instructed the Clerk to send to the plaintiff service packets (a blank summons and USM-285 form) for the remaining defendants. Plaintiff was ordered to complete these service packets and return them to the Clerk's Office within 20 days of receipt of the Court's order. Plaintiff was admonished

that his failure to return the completed service packets within the time required could jeopardize his prosecution of this action (Docket Entry No. 11 at 2).

Plaintiff thereafter filed a motion for reconsideration which was denied by the Court. Plaintiff then filed his notice of appeal to the United States Court of Appeals for the Sixth Circuit, appealing from the Court's denial of plaintiff's motion for reconsideration (Docket Entry No. 22). On April 26, 2012, the Sixth Circuit Court of Appeals dismissed plaintiff's appeal upon a finding that a district court's dismissal of fewer than all of plaintiff's claims is not immediately appealable absent a Federal Rule of Civil Procedure 54(b) certificate (Docket Entry No. 34). Since plaintiff's claims against the remaining defendants are still pending, the Sixth Circuit found that it could not invoke appellate jurisdiction until the district court entered a final decision regarding all claims in the case. (Id.)

Since the foregoing dismissal of plaintiff's appeal by the Sixth Circuit, plaintiff has not returned the completed service packets for the remaining defendants and, at least from a review of the record, nothing else of substance has occurred in this case.

On November 26, 2012, the undersigned Magistrate Judge entered an order to show cause why plaintiff's complaint should not be dismissed for his failure to comply with orders of the Court requiring the return of completed service packets for the remaining

defendants and for his failure otherwise to prosecute this case (Docket Entry No. 36). Plaintiff filed a lengthy response to this order to show cause (Docket Entry No. 39). In his response, plaintiff argued that this Court's dismissal of claims against some, but not all, defendants has procedurally prevented plaintiff from appealing dismissal of the prosecutorial and judicial defendants. Plaintiff further argues that, although he is aware of the Court's order requiring him to return completed service packets for the remaining defendants, he has not done so because he maintains that the remaining defendants acted as "part of an ongoing series of related acts" with the dismissed defendants, and to proceed against the remaining defendants in a piecemeal fashion would "allow the lesser remaining defendants to potentially raise a defense of immunity derived from the 'absolute immunity' of the other defendants who were dismissed, without having allowed the plaintiff to challenge, by way of appeal, the very source and qualifications of said 'absolute immunity.'" (Docket Entry No. 39 at 18-19).[1] Plaintiff further argues that his complaint may be subject to abstention under the authority of Heck v. Humphrey, 512 U.S. 477 (1994) (Id. at 25).

From the foregoing, the undersigned Magistrate Judge

---

[1] Plaintiff states that his claims against defendants Trout and Holt may be subject to adjudication independently from plaintiff's claims against the other defendants (Docket Entry No. 39 at 26-27). However, plaintiff has not returned completed service packets for either of these defendants.

3

finds that plaintiff has failed to comply with the Court's order directing him to return completed service packets for the remaining defendants and that his complaint, therefore, should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the complaint be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the plaintiff's failure to return completed service packets for the remaining defendants, as ordered by the Court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 24th day of April 2013.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge